UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN KOCH,

    Plaintiff,

    v.

SHOP'N SAVE WAREHOUSE FOODS, INC.,

    Defendant/Third-Party Plaintiff,

    v.

ARCTIC ICE, INC.,

    Third-Party Defendant.

No. 14-cv-1036-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Jonathan Koch's motion to remand this matter to state court (Doc. 9). He asks for remand on the grounds that the parties are not completely diverse, as required for original federal diversity jurisdiction under 28 U.S.C. § 1332(a). Defendant Shop'n Save Warehouse Foods, Inc. ("Shop'n Save") and former defendant Supervalu, Inc.[1] have responded to the motion (Doc. 12). Their response echoes arguments they also make in their notice of removal (Doc. 2) and Shop'n Save's motion to dismiss or for joinder (Doc. 5), that is, that Koch is not the real party in interest in this case and should be substituted with Netherlands Insurance Company ("NIC"), who does not share citizenship with any defendant.

**I.    Background**

This case arose after Koch, an employee of Arctic Ice, Inc., was injured in the course of his

---

[1] Koch has since voluntarily dismissed Supervalu, Inc. as a defendant by omitting it from his First Amended Complaint. The Court will continue to refer to the defendants in the plural because both filed the response to Koch's motion to remand.

employment when he fell while delivering ice to a Shop'n Save store in Collinsville, Illinois. He claimed workers' compensation benefits from Arctic Ice, and its insurer NIC paid those benefits. NIC then sued Shop'n Save in Koch's name for negligence based on the condition of its loading dock, which NIC believes contributed to Koch's fall. Illinois law allows NIC to sue in Koch's name because Koch himself did not initiate a lawsuit against Shop'n Save within twenty-one months after his injury. *See* 820 ILCS 305/5(b) (allowing employer to sue third-party tortfeasor if employee does not sue prior to three months before the statute of limitations expires).

This suit was filed in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, but Shop'n Save and Supervalu removed the case to this Court pursuant to 28 U.S.C. § 1441(a) based on original federal diversity jurisdiction under 28 U.S.C. § 1332(a). They did so despite the fact that both Koch and Shop'n Save are Missouri citizens. In the notice of remand, they urged the Court to disregard Koch's citizenship in light of the fact that NIC is the real party in interest in this case.

**II.     Analysis**

This case must be remanded because complete diversity does not exist. A defendant may remove to federal court a case filed in state court if the federal court would have had jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). In their § 1441 notice of removal the defendants assert that the Court has original federal diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction requires that the opposing parties not be citizens of the same state. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Without

original diversity jurisdiction, this case cannot be removed under 28 U.S.C. § 1441(a). Since Koch and Shop'n Save are both Missouri citizens, complete diversity does not exist, removal was not proper, and the case must be remanded pursuant to 28 U.S.C. § 1447(c).

The defendants urge the Court to look beyond the pleadings to find that NIC, which is not a Missouri citizen, is the sole real plaintiff in interest in this case. It is true that, had NIC paid the entire worker's compensation claim and left the insured no interest in the case, NIC would be the sole real plaintiff in interest. *See Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("The general rule in federal court is that if an insurer has paid the entire claim of its insured, the insurer is the real party in interest under Federal Rule of Civil Procedure 17(a) and must sue in its own name."). As the only real plaintiff in interest, NIC would have been obligated to sue in its own name under Federal Rule of Civil Procedure 17(a), which requires that actions be prosecuted in the name of the real party in interest.

However, NIC is not the *sole real* plaintiff in interest because Koch retains a more than a nominal interest in this case. Where an insured retains an interest in a claim, he remains a real party in interest able to sue in his own name. *Brooke Inns, Inc. v. S&R Hi-Fi & TV*, 618 N.E.2d 734, 744 (Ill. App. Ct. 1993) ("Subrogation of a claim does not by itself exclude the party who has the claim from bringing a suit if the insured retains some interest."); *Scheibel v. Groeteka*, 538 N.E.2d 1236, 1253 (Ill. App. Ct. 1989) ("If an insured plaintiff has even a *de minimis* pecuniary interest in the lawsuit, that interest is sufficient to allow a subrogation action to be maintained in plaintiff's name."). Koch has presented evidence[2] that before this case was filed, he agreed with NIC to jointly prosecute this case and allocate the amounts recovered, if any, between them.

---

[2] The defendants challenge Koch's affidavit on the grounds that it does not use certain phrases and states legal conclusions. However, the Court is satisfied that the affidavit sufficiently establishes Koch would be able to testify competently at trial as to the substance of the affidavit and that Koch has sufficient personal knowledge to testify as to his agreement with NIC and as to his citizenship.

3

Thus, Koch retains a pecuniary interest in this lawsuit. Granted, Koch's interest is not the same kind of interest at issue in *Brooke* or *Scheibel*, a loss in excess of the insured amount, but it is an interest nonetheless. Thus, Koch's citizenship must be considered in determining whether complete diversity exists.

The defendants muddy the waters a bit by arguing that Arctic Ice, not Koch, is NIC's insured, and that NIC was subrogated to all of Arctic Ice's interest. They also point out that NIC admits it filed this lawsuit in Koch's name by virtue of 820 ILCS 305/5(b) and that no evidence suggests Koch independently filed the lawsuit on his own or has any control over it. While all of this this may be true, it does not negate the fact that Koch is a named party and has skin in the game. Therefore he is a real party in interest whose citizenship must be considered for jurisdictional purposes.

The defendants also contest whether Koch is actually a citizen of Missouri, noting that he pled only his residency and averred his citizenship in his affidavit without reference to any evidence as to the factors used to establish citizenship as a matter of law. The defendants fail to realize, though, that it is their burden to establish diversity, and they have not provided evidence that Koch *is not* a citizen of Missouri. The pleading of his residence and the averment of his citizenship, without any contradictory evidence from the defendants that creates an issue of fact, is a sufficient basis for the Court to find Koch is a Missouri citizen.

Because Koch shares Missouri citizenship with Shop'n Save, the parties are not completely diverse, there is no original diversity subject matter jurisdiction, and removal was improper. Therefore, the Court must send this case back to state court, which can decide whether NIC belongs as a plaintiff in this case.

While this appears to be a simplistic resolution of the jurisdictional questions in this case, the Court notes that jurisdictional rules should be simple. Simple rules conserve litigation

resources for the merits of the case, not questions of the proper forum.  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).   Simple rules also yield greater certainty and predictability for litigants when they decide how to operate their lives and businesses or where to bring their lawsuits.  *Id.* at 94-95.   Determining the Court's jurisdiction should not require an investigation into whether a named plaintiff has actually retained and paid for his own counsel or whether he controls the decisions in the case.   It is enough that the Court ask whether he is a named party and whether he has something at stake.   If he does, his citizenship must be considered for jurisdictional purposes.

### III.   Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to remand (Doc. 9) and **REMANDS** this case to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**
**DATED:   April 23, 2015**

                                                  s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**